# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HECTOR VARGAS TORRES,** | : | Civil No. 4:17-CV-1977 |
| **Plaintiff** | : | (Judge Brann) |
| v. | : | |
| **CAP'T. B. HARRIS, et al.,** | : | (Magistrate Judge Carlson) |
| **Defendants.** | : | |

## MEMORANDUM ORDER

### I. INTRODUCTION

This is a civil action initiated by Hector Torres, an inmate in the custody of the Pennsylvania Department of Corrections. Torres alleges that the defendants have violated his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment by using excessive force against the plaintiff and failing to protect him from harm at the hands of others. (Doc. 1.)

The parties are currently engaged in discovery litigation relating to these claims. As part of this discovery litigation, Torres has moved to compel the defendants to produce additional records, (Doc. 41), while simultaneously filing

multiple motions to prevent the defendants from taking his deposition until the motion to compel is resolved. (Docs. 39, 43, and 44.)[1]

With respect to these discovery disputes, it is apparent that the defendants have made significant discovery disclosure to Torres. To date, the defendants have produced 111 pages of documents directly to Torres at no cost, along with verified answers to interrogatories that were included in the Request for Production of Documents. Thus, Torres has received 135 pages of discovery from the defendants. Moreover, the defendants have also provided Torres access to several video files. (Doc, 47.) The defendants have objected to several of Torres' requests, however, because some of those responsive documents were institutional investigative records which were determined to contain confidential information that could affect the safety and security of the institution, its staff, and other inmates. Yet, with regard to these records, whenever possible, instead of withholding the entire document, only those portions that were deemed confidential were redacted and the documents were provided to Torres in a redacted form. Other documents requested by Torres related to third-party inmate grievances and reports. These third-party documents were withheld completely, as they related to information

---

[1] Several of these motions are captioned as motions to dismiss. (Docs. 39 and 43.) This is a misnomer. Review of the motions reveals that Torres does not seek dismissal of any claims. Rather he seeks to dismiss, or defer, his deposition pending resolution of these discovery disputes.

concerning other inmates, which Torres is prohibited from obtaining pursuant to Department of Corrections ("Department") policies.

Notwithstanding this fulsome production of evidence, Torres has filed a motion to compel. (Doc. 41.) In this motion, it appears that Torres' objections to the defendants' production of documents fall into two broad categories. First, Torres complains that the defendants have not fully produced "documents relevant to past mistreatment of inmates by defendants Capt. B. Harris, et. al." (Doc. 42, p. 4). The actual text of his request called for production of a broad array of documents relating to other prisoners; namely: "Any and all grievances, complaints, or other documents received by prison staff Defendant's C.O. Myers, et al., or their agents at SCI Huntingdon concerning the mistreatment of inmates by Defendant's C.O. K. Myers, C.O. B.A. Owens., C.O. McCallister, Capt. B. Harris, Lt. Wendle, Lt. R. Cischko [sic], and any memoranda, investigation files, or other documents created in response to such complaints since October 31, 2017."

In addition, Torres complains about the redaction of some of the institutional investigative records produced for his inspection. In response to this objection the defendants have explained that: "Defendants produced the entire investigative report with minimal portions redacted for security and safety purposes. . . .[T]he only material redacted in the report relates to the thoughts, processes, candid

observations, conclusions, and recommendations made or used by the investigator." (Doc. 47, pp.7-8.)

With the discovery issues framed in this fashion, these motions are now ripe for resolution. For the reasons set forth below, it will be ordered as follows: First, Torres' motion to compel (Doc. 41), will be denied, in part, and granted, in part, as follows: The motion is denied in all respects except for one. Acting out of an abundance of caution, and in order to ensure transparency in discovery, the defendants shall produce for *in camera* inspection by the court, the redacted and unredacted documents provided to Torres. As for Torres' multiple motions to deny or defer his deposition, (Docs. 39, 43, and 44), we conclude that nothing relating to our *in camera* review of this limited body of evidence should prevent Torres from being required to testify under oath regarding the claims which he is pursuing in this case. Therefore, the motions to deny or defer Torres' deposition are denied, and the defendants should schedule this deposition at any mutually convenient place and time.

## II. <u>STANDARD OF REVIEW</u>

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Fed. R Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R.

Civ. P. 37(a)(3)(iv). In this case, Torres is seeking to compel further responses to document requests that he has propounded in support of his claims.

Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action, and prescribes certain limits to that discovery. That rule now provides as follows:

> **(b)** **Discovery Scope and Limits.**
>
> **(1)** *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401).

Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the

court's judgment and discretion. *Robinson v. Folino*, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); *see also Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Although decisions relating to the scope of discovery rest with the discretion of the district court, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege." *Robinson*, No. 14-227, 2016 WL 4678340, at *2 (citing *Jackson v. Beard*, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.,* 224

6

> F.R.D. 169, 174 (E.D.Pa.2004) (citing *Scott Paper Co. v. United States,* 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.,* 169 F.R.D. 54, 64 (D.N.J.1996); *see also Hasbrouck v. BankAmerica Hous. Servs.,* 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.,* 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, in a prison setting, inmate requests for information relating to security procedures can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental needs to confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their

> identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

*Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

"A party moving to compel bears the initial burden of showing the relevance of the requested information." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. *Robinson*, No. 14-227, 2016 WL 4678340, at *2.

## III. DISCUSSION

### A. Torres is Not Entitled to Discovery of Third Party Inmate Reports

As often happens in cases of this kind, Torres has propounded vastly overbroad discovery requests that direct the defendants to produce for his inspection copies of all grievances or complaints filed by inmates or staff pertaining to any of the named defendants. The defendants have objected to this request as overly broad, irrelevant, and unreasonably burdensome.

8

We agree. Torres' demand for production of "[a]ny and all grievances, complaints, or other documents received by prison staff Defendant's C.O. Myers, et al., or their agents at SCI Huntingdon concerning the mistreatment of inmates by Defendant's C.O. K. Myers, C.O. B.A. Owens., C.O. McCallister, Capt. B. Harris, Lt. Wendle, Lt. R. Cischko [sic], and any memoranda, investigation files, or other documents created in response to such complaints since October 31, 2017," are precisely the kinds of sweeping, generalized and overly broad discovery requests judges in the Middle District of Pennsylvania have rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff. *See, e.g., Montanez v. Tritt*, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues.") (Mariani, J.); *Lofton v. Wetzel*, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) (Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the

9

relevance of such information is questionable at best."); *Sloan v. Murray*, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); *Torres v. Clark*, Civ. No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) (Caldwell, J.) (denying motion to compel inmate request for discovery of 27-months of grievances about a specific cell block, finding it to be overly broad, burdensome, and potentially implicating privacy interests of other inmates); *McDowell v. Litz*, Civ. No. 1:CV-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) (Rambo, J.) (finding requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and agreeing with the defendants' "concerns about accessing private information with respect to other inmates' grievances."); *Callaham v. Mataloni*, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at *3-4 (M.D. Pa. May 14, 2009) (Jones, J.) (denying motion to compel, inter alia, grievances relating to medical treatment of other inmates, citing privacy concerns); *cf. Banks v. Beard*, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (denying motion to compel account statements for other inmates despite plaintiff's claim of relevance).

In keeping with these decisions, the Court finds that Torres' request for discovery of other grievance information is overly broad, since it seeks discovery

of complaints of any nature, involving any subject matter, filed by non-party inmates or staff against the defendants. The discovery request is of questionable relevance, is temporally[2] and topically overbroad, is plainly burdensome and implicates important privacy interests. Accordingly, the motion to compel further production of grievances and complaints filed by inmates or staff will be denied.

### B. **The Court Will Conduct a Limited In Camera Review of the Redacted Records Provided to Torres**

In addition, in his motion to compel Torres seeks access to the redacted portions of the partially redacted institutional investigative records produced to him. The defendants have interposed an objection to these disclosures, arguing that: "Defendants produced the entire investigative report with minimal portions redacted for security and safety purposes. . . .[T]he only material redacted in the report relates to the thoughts, processes, candid observations, conclusions, and recommendations made or used by the investigator." (Doc. 47, pp.7-8.)

In the first instance, the course followed by the defendants is entirely appropriate. In fact, releasing this material in this redacted form is consistent with settled case law addressing claims of governmental privilege relating to investigative records which acknowledges a governmental privilege, but

---

[2] In particular we note that Torres requests records compiled after the filing of his complaint in October 2017. In our view the more appropriate time frame would be at the time of the events alleged in the complaint, all of which took place prior to October 2017.

recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiffs suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

*Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D.Pa.1973). When striking this balance courts have, in the past, reconciled the competing needs of civil rights litigants for information regarding facts developed by agency officials, with the Government's need to protect its deliberative processes, by directing the release of non-privileged, factual information in a report to the plaintiff. For example, in *Sullivan v. Pa. Dep't of Corrections,* 2007 U.S. Dist. LEXIS 19216, *1–2 (M.D.Pa.2007) (McClure, J.), the Court limited discovery of a report regarding an investigation by the OPR concerning allegations made by two former prison psychologists, holding that, after weighing the parties' interests, only certain non-privileged material contained in the investigation report was discoverable under

Rule 26. *Id.* at *9. Recognizing that these prison records may contain arguably discoverable factual material, we have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, *see Paluch v. Dawson,* No. 06–1751, 2007 WL 4375937, *4–5 (M.D.Pa. Dec.12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. *Paluch v. Dawson,* No. 06–175, 2008 WL 2785638, *3 (M.D.Pa. July 17, 2008). *See Williams v. Klem*, No. CIV. 3:07-1044, 2011 WL 830537, at *2–3 (M.D. Pa. Mar. 3, 2011).

This is the course we will follow in the instant case. Acting out of an abundance of caution, and in order to ensure transparency in discovery, the defendants shall produce for *in camera* inspection by the court the redacted and unredacted documents previously provided to Torres.

### C. The Parties Shall Proceed with Torres' Deposition

Having addressed the merits of Torres' motion to compel, we now turn to Torres' motions to deny or defer the plaintiff's deposition. (Docs. 39, 43, and 44.) In the exercise of our discretion, we will deny these motions and direct that the parties proceed with this deposition. Torres has leveled serious allegations of misconduct against the defendants. Torres should now be required to testify regarding his personal knowledge concerning the factual basis for these grave charges. Moreover, nothing relating to our *in camera* review of this limited body of

evidence should prevent Torres from being required to testify under oath regarding the claims which he is pursuing in this case. In particular, we note that nothing in these third-party investigative reports in any way impedes Torres from testifying to his personal knowledge regarding the factual underpinning for his claims. Accordingly, the parties should proceed with this aspect of discovery.

An appropriate order follows:

## IV. <u>ORDER</u>

AND NOW, this 18th day of January 2019, IT IS ORDERED:

First, Torres' motion to compel (Doc. 41), is DENIED, in part, and GRANTED, in part, as follows: The motion is DENIED in all respects except for one. Acting out of an abundance of caution, and in order to ensure transparency in discovery, on or before **January 31, 2019** the defendants shall produce for *in camera* inspection by the court, the redacted and unredacted documents provided to Torres.

As for Torres' multiple motions to deny or defer his deposition, (Docs. 39, 43, and 44), these motions are DENIED, and the defendants should schedule this deposition at any mutually convenient place and time.

<u>/s/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge